## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE E. CLARITT,                        )
                                          )    Case No. 1:24-cv-00086
                        *Petitioner*,     )
                                          )
            v.                            )    District Judge Susan Paradise Baxter
                                          )    Magistrate Judge Kezia O. L. Taylor
MELISSA HAINSWORTH,                       )
*Superintendent at SCI Laurel*            )
*Highlands*,                              )
                                          )
                        *Respondent*.     )

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 21, be granted and that the Petition for Writ of Habeas Corpus, ECF No. 6, be dismissed for lack of jurisdiction as an unauthorized second or successive habeas petition. It is further recommended that a certificate of appealability be denied.

### II.    REPORT

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 by George E. Claritt ("Petitioner"). The Petition challenges Petitioner's judgment of sentence at docket number CP-62-CR-390-2011 ("390-2011") in the Court of Common Pleas of Warren County, Pennsylvania after a jury found him guilty in March 2012 of aggravated assault, rape, involuntary deviate sexual intercourse by forcible compulsion, terroristic threats, and indecent assault. Petitioner raises the following claims for relief in his Petition: (1) ineffective assistance of post-conviction ("PCRA") counsel; (2) ineffective

assistance of trial counsel for failing to request DNA testing of the victim and for failing to allow Petitioner to participate in the jury selection process; and (3) error by the Pennsylvania Superior Court for failing to inform him of the completion of his PCRA appeal. *See* ECF No. 6. Respondents move to dismiss the Petition on the ground that it is an unauthorized second or successive petition that this Court lacks jurisdiction to consider. *See* ECF No. 21.

Under 28 U.S.C. § 2244(b), a federal district court must dismiss claims asserted in a second or successive petition if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1). In limited circumstances, the district court may consider claims presented in a second or successive petition if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive petition in federal district court, raising either previously-presented or newly presented claims, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). If the court of appeals authorizes the filing of a second or successive petition, the district court must then consider whether the individual claims asserted in the petition should be dismissed under § 2244(b). 28 U.S.C. § 2244(b)(4). If a habeas applicant files a petition with the federal district court without statutory authorization from the federal court of appeals, then the district court has the option of either dismissing it for lack of jurisdiction or transferring it to the court of appeals for possible authorization. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

This Court's records show that Petitioner has already filed a petition for writ of habeas corpus in this Court challenging his judgment of sentence at 390-2011, which this Court denied on August 30, 2017. *See Claritt v. Mahally, et al.*, No. 1:16-cv-00015, 2017 WL 3822757 (W.D.

Pa. June 1, 2017), *report and recommendation adopted at* 2017 WL 3731965 (W.D. Pa. Aug. 30, 2017).  Furthermore, the three claims Petitioner raised in that petition are identical to the three claims raised in his current Petition.  *See id*.  Petitioner does not allege, and the state court docket does not suggest, that a new judgment has been entered at 390-2011.  *Compare Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding that second-in-time habeas petition was "second or successive" under 28 U.S.C. § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"), *with Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (explaining that "where, unlike in *Burton*, there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting *Burton*, 549 U.S. at 156)).  Additionally, a review of the Third Circuit's dockets reveal that Petitioner has neither sought nor obtained the authorization to file a second or successive petition challenging his judgment of sentence at 390-2011.  Before he can proceed with the filing of another petition challenging his judgment of sentence at 390-2011, he must obtain the required authorization from the Third Circuit.  As such, the Petition should be dismissed for lack of jurisdiction as an unauthorized second or successive petition[1] and a certificate of appealability should be denied.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.    CONCLUSION

---

[1] It is the undersigned's practice to dismiss second or successive petitions rather than transfer them to the Third Circuit.  However, the Court has the option of transferring the Petition to the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as an application to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  *See Robinson*, 313 F.3d at 139.

For the aforementioned reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 21, be granted and that the Petition for Writ of Habeas Corpus, ECF No. 6, be dismissed for lack of jurisdiction as an unauthorized second or successive habeas petition. It is further recommended that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  March 17, 2025.


/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge


Cc:    George E. Claritt
       KP8050
       SCI Laurel Highlands
       5706 Glades Pike
       P.O. Box 631
       Somerset, PA  15501

       Counsel for Respondent
       (Via CM/ECF electronic mail)